UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAUREN SCHROEDER o/b/o EAS, a minor child,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO: 1:16-CV-3028-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 23, 27. D. James Tree represents Plaintiff Lauren Schroeder on behalf of E.A.S., her minor daughter. Ellinor R. Coder represents Defendant Commissioner of Social Security. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (quotation and citation omitted). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citations omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP PROCESS FOR CHILDHOOD DISABILITY**

To qualify for Title XVI (SSI) benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.924(a). First, the Commissioner considers whether the child is engaged in "substantial gainful activity." *Id*. at § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id*. at § 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment medically equals or functionally equals a disability listed in the "Listing of Impairments." *Id*. at § 416.924(c)-(d); *Id*. at § 404, Subpt. P, App. 1.

If the ALJ finds that the child's impairment or combination of impairments does not meet or *medically* equal a listing, he or she must determine whether the impairment or combination of impairments *functionally* equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires him or her to evaluate the child's functioning in six "domains." *Id.* at § 416.926a(b)(1). These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

> (1) Acquiring and using information;
> (2) Attending and completing tasks;
> (3) Interacting and relating with others;
> (4) Moving about and manipulating objects;
> (5) Caring for [oneself]; and
> (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitation in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes *very* seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i) (emphasis added).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

# ALJ'S FINDINGS

E.A.S. filed an application for Title XVI Supplemental Security Income payments on October 12, 2011, with an alleged disability onset date of May 20, 2009. Tr. 87-96. E.A.S.'s application was denied initially and upon reconsideration. Tr. 97-107. Thereafter, E.A.S. requested a hearing before an ALJ. Tr. 12-131. A video hearing was held on May 19, 2014. Tr. 20. The ALJ issued a decision on June 20, 2014, finding that E.A.S. was not disabled under the Social Security Act. Tr. 20-39.

At step one, the ALJ found that E.A.S. had not engaged in substantial gainful activity since October 12, 2011. Tr. 23. At step two, the ALJ found that E.A.S. had severe impairments consisting of attention deficit hyperactivity disorder ("ADHD") and chronic otitis media. *Id*. At step three, the ALJ found that E.A.S. did not have an impairment or combination of impairments that medically equaled or functionally equaled a listed impairment. Tr. 23. With respect to functional equivalence for each of the six domains, the ALJ found the following:

(1) Less than marked limitation in acquiring and using information (Tr. 30-32);

(2) Less than marked limitation in attending and completing tasks (Tr. 32-33);

(3) Less than marked limitation in interacting and relating with others (Tr. 33-35);

    (4) Less than marked limitation in moving about and manipulating objects (Tr. 35-36);

    (5) Less than marked limitation in the ability to care for herself (Tr. 36-37); and

    (6) Less than marked limitation in health and physical well-being (Tr. 37-38).

Thus, the ALJ concluded that E.A.S. had not been disabled under the Social Security Act since the application date of October 12, 2011. Tr. 38.

On August 20, 2014, E.A.S. submitted supplemental evidence and requested review by the Appeals Council (Tr. 15-16), which was rejected (Tr. 1-4), making the ALJ's decision the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1484(a); 422.210(a).

## ISSUES

Plaintiff, on behalf of E.A.S, seeks judicial review of the Commissioner's final decision denying Supplemental Security Income Child Benefits under Title XVI of the Social Security Act.

Plaintiff raises the following four issues for the Court's review:

(1) Whether the ALJ erred in evaluating the medical opinions of five reviewing medical providers;

(2) Whether the ALJ erred in not considering two lay witness opinions;

(3) Whether the ALJ improperly discredited Plaintiff's testimony; and

(4) Whether the audibility of Perry Grossman, M.D.'s testimony prevented E.A.S. from receiving a full and fair hearing.

See ECF No. 23 at 1.

# DISCUSSION

## A. Medical Opinion Evaluations

Plaintiff explains that the ALJ gave four state agency non-examining medical reviewers' opinions "significant weight," but afforded more weight to the opinion of testifying non-examining physician Perry Grossman, M.D., who (according to the ALJ) found no marked limitations in any of the six domains. ECF No. 23 at 5-6 (citing Tr. 29). Conversely, state agency non-examining physician, Robert Bernardez-Fu, M.D.; psychologist Leslie Postovoit, Ph.D.; psychologist; Jerry Gardner, Ph.D.; and pediatrician Nevine Makari, M.D. <u>all</u> determined that E.A.S. has marked limitations in domain 2 in the area of attending and completing tasks. Tr. 92-94; 103-104.

First, Plaintiff contends the ALJ erred because Dr. Grossman was never given the expert reports from Drs. Bernardez-Fu, Postovoit, Gardner, and Makari for review. *See* ECF No. 23 at 6. Yet, Dr. Grossman testified that his opinion would not have changed even if he had reviewed the medical opinions because he "decide[s] on his own" and the reports do not constitute "medical evidence." *Id.*; Tr. 78. Defendant argues that Plaintiff's argument is unsupported by any legal

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

authority and moot given Dr. Grossman's testimony that the state agency opinions would not have changed his opinion. While at times an expert may be called upon to evaluate another expert's opinion, there is no requirement that a medical expert review and comment on every other medical expert's opinion. The state agency doctors were reviewing doctors, just like Dr. Grossman, not examining doctors. Plaintiff's argument is misplaced and rejected.

Second, Plaintiff disingenuously argues the ALJ erred by accepting Dr. Grossman's opinion without having him "review[] the most relevant teacher evaluation" from Ms. Brown, E.A.S.'s first grade teacher. ECF No. 23 at 7 (mistakenly citing AR 272-74, rather than Tr. 292-94). Plaintiff fails to disclose that this evaluation was obtained by Plaintiff's counsel after the hearing and none of the medical experts reviewed this tardy submission. Plaintiff merely states:

> "Ms. Brown's report was not dated until June 1, 2014 and was not available when Dr. Grossman testified. The ALJ erred in not providing this report to Dr. Grossman when she received it and also erred in not considering it herself despite the fact she admitted it into evidence."

*Id*. On reply, Plaintiff concedes that "[i]t is not [her] suggestion that the ALJ should have held a second hearing to consider this evidence with new expert testimony, but only that the ALJ did not properly weigh Dr. Grossman's testimony, recognizing that because he lacked this crucial evaluation, making his knowledge base inadequate." *See* ECF No. 28 at 6. Plaintiff deduces that "[t]he ALJ therefore

did not provide specific, legitimate reasons to disregard the opinion of 4 other medical sources in favor of Dr. Grossman." *Id.* Plaintiff fails to appreciate that none of the other four medical reviewers evaluated this tardy submission either.

The ALJ gave significant weight to Dr. Grossman's opinion because it is consistent with teacher questionnaires, exam findings, observations by medical providers, and evaluations that show some difficulty in school, but no cognitive impairment. Tr. 29. The ALJ also found that Dr. Grossman's opinion is consistent with the school's opinion about E.A.S.'s ineligibility for special education. *Id.* The ALJ also gave greater weight to Dr. Grossman's opinion than the four State agency expert opinions because Dr. Grossman had an opportunity to review additional evidence, such as the Vanderbilt forms completed by Ms. Brown and cognitive testing results. *Id.* The ALJ provided numerous specific and legitimate reasons for crediting more weight to Dr. Grossman's opinion, which reasons have not been challenged.

Inexplicably, Plaintiff concedes that she is not seeking a second hearing nor new expert testimony based on Ms. Brown's tardily submitted lay evaluation. *See* ECF No. 28 at 6. Thus, no error has been shown, Ms. Brown's lay observations do not override the ALJ's findings supported by substantial evidence.

Third, Plaintiff argues that the ALJ erred in stating that Dr. Grossman found no evidence of any marked impairments. *See* ECF No. 23 at 8. Defendant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

concedes that the ALJ misstated Dr. Grossman's testimony that E.A.S. did not have marked limitations in all six domains, when he opined that she had marked limitations at domain 3. ECF No. 27 at 8. Defendant argues that the error is harmless, however, because the ALJ thoroughly discussed the underlying evidence concerning domain 3 and ultimately found less than marked limitations. Tr. 33-35. Moreover, none of the four state agency doctors opined that E.A.S. had marked limitation in domain 3, and the ALJ gave significant weight to those opinions and accepted their conclusions as to that domain as well. Tr. 29.

Although the ALJ misstated Dr. Grossman's single conclusion as to domain 3, the ALJ thoroughly discussed and weighed the competing evidence, accepted the four state agency doctors' opinion as to this domain and came to a conclusion supported by substantial evidence. No reversible error has been shown.

**B. Lay Witness Opinions**

In determining the disability of a child, an ALJ will consider the "combined effects of all [of the child's] impairments upon [his or her] overall health and functioning" and also "any limitations in [the child's] functioning that result from [his or her] symptoms[.]" 20 C.F.R. § 416.924. Evidence may include information from nonmedical sources such as a child's parents and teachers. 20 C.F.R. § 416.924a(a).

Importantly, "lay testimony as to a claimant's symptoms . . . *is* competent

evidence ... and therefore *cannot* be disregarded without comment." *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).  Moreover, "[i]f the ALJ wishes to discount the testimony of lay witnesses, [the ALJ] must give reasons that are germane to each witness." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

### i. Ms. Brown

Plaintiff argues that the ALJ failed to consider the June 1, 2014 Evaluation prepared by E.A.S.'s first grade teacher, Ms. Brown.  *See* Tr. 292-94.  Given that the ALJ "decided [E.A.S.'s] case through June 20, 2014[,]" the ALJ should have considered the June 1, 2014 Evaluation.  *See* Tr. 2.  Even though the record was not yet in existence at the time of the hearing and Plaintiff's counsel did not ask to submit any supplemental evidence, the ALJ apparently admitted the tardy evidence.  *See* Tr. 42 (listing HO Exhibit 17E).  In any event, the evidence was presumably in the record presented to the Appeals Council because it admitted subsequent AC Exhibits 19E and 20E.

Plaintiff acknowledges that the ALJ was not required to adopt the June 1, 2014 Evaluation, but argues that the ALJ was not permitted to discredit the opinion without proffering germane reasons.  It is inexplicable to the Court that on the one hand, Plaintiff does not seek a second hearing nor additional expert testimony

concerning this tardily submitted evidence, and on the other hand, simultaneously complains the ALJ failed to provide germane reasons for its rejection.

Defendant argues that the evaluation was cumulative of other evidence and, therefore, the ALJ need not consider it. Defendant explains that the ALJ was persuaded by the weight of other evidence in finding no marked limitations in domains 1, 2, and 3. ECF No. 27 at 9-10. However, as Plaintiff's correctly articulates, the ALJ (and the Appeals Council) did not consider Ms. Brown's evaluation, much less proffer reasons for rejecting it.

The Ninth Circuit instructs that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout*, 454 F.3d at 1056. Given that the ALJ wholly failed to consider Ms. Brown's evaluation or provide <u>any</u> reasons for discrediting the evaluation, the Court is left "with nothing to review to determine whether the error materially impacted the ALJ's ultimate decision." *Id.* As a result, the Court is unable to consider the error harmless. Ms. Brown's evaluation identified significant marked limitations in three domains not considered by the ALJ, Dr. Grossman, or any of the state agency providers. Tr. 42 (HO 17E); 292-94. Notably, Ms. Brown and all four State agency experts opined that E.A.S. had

marked limitations at domain 2. *See* Tr. 92-94, 103-104; 292-94. Similarly, Ms. Brown and Dr. Grossman both opined that E.A.S. had marked limitations at domain 3. *See* Tr. 62; 292-94.

The Court finds that the ALJ erred because she failed to explain why she did not consider Ms. Brown's most recent teacher evaluation, which reflects highly probative evidence related to E.A.S.'s impairments. Ms. Brown's opinion could have compelled a different disability finding by a reasonable ALJ and, therefore, constitutes reversible error. *See Stout*, 454 F.3d at 1056; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (stating that the Ninth Circuit has never found an error harmless where an ALJ silently disregards lay testimony about how an impairment limits a claimant).

### ii. *Ronda Gonzales*

Plaintiff argues that the ALJ also erred in not considering an evaluation from E.A.S.'s kindergarten teacher, Ronda Gonzales, dated November 11, 2012 (the "November 11, 2012 Evaluation"). ECF No. 23 at 12 (referring to Tr. 302-09); *see also* Tr. 1-6. Plaintiff argues that the ALJ should have considered the November 11, 2012 Evaluation, *see* Tr. 302-09, because it is more current than Ms. Gonzales's teacher progress report, *see* Tr. 260-64, which the ALJ did consider.

The November 11, 2012 Evaluation was not part of the record before the ALJ, nevertheless, on August 20, 2014, Plaintiff submitted the November 11, 2012

1  Evaluation to the Appeals Council and requested reversal of the ALJ's decision.

2  Tr. 310.  The Appeals Council declined reversal.  *See* Tr. 1-6.  Defendant simply

3  argues that the November 11, 2012 Evaluation is redundant.  *See* ECF No. 27 at

4  12.

5        Here, Ms. Gonzales' November 11, 2012 Evaluation indicates some "very

6  serious problems" in the areas of acquiring and using information and attending

7  and completing tasks, and some "obvious" and "serious problems" in the areas of

8  interacting and relating with others and caring for herself.   Tr. 302-09.  The ALJ

9  did not consider the November 11, 2012 Evaluation because it was not before her,

10  nor did the Appeals Council proffer any reasons for rejecting it.  Tr. 2.

11        Because this matter will be reversed to consider Ms. Brown's evaluation and

12  because it is plausible that Ms. Gonzales's November 11, 2012 Evaluation could

13  have compelled a different disability finding by a reasonable ALJ, this evaluation

14  should be considered and evaluated on remand.  *See Stout*, 454 F.3d at 1056; *see*

15  *also Robbins*, 466 F.3d at 885.

16        **C. Adverse Credibility Determination**

17        Once an impairment has been proven to exist, as long as the impairment

18  "could reasonably be expected to produce the pain or other symptoms," the

19  claimant may offer a subjective evaluation as to the severity of the impairment.  20

20  C.F.R. § 419.929(a).  Although an ALJ will consider these statements, including

the extent to which the child's "symptoms can reasonably be accepted as consistent with the objective medical evidence[,]" statements about his or her symptoms alone will not suffice. 20 C.F.R. § 416.929(a).

If an ALJ finds subjective statements unreliable, the ALJ's finding "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony[.]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan,* 947 F.2d 345-56 (9th Cir. 1991) (en banc)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998).  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).

Plaintiff contends that the ALJ's negative credibility determination of her testimony is legally insufficient and unsupported by substantial evidence. ECF No. 23 at 14-15. Because the ALJ found that E.A.S. had a severe impairment related to her chronic otitis media, Plaintiff concedes that the Court need not address her statements about that impairment. *See* ECF No. 28 at 9.

Plaintiff has not identified any specific testimony or complaints E.A.S. has made that were rejected by the ALJ. Assuming that Plaintiff is complaining about her own lay testimony as E.A.S.'s mother, the ALJ noted that Plaintiff testified that "sometimes [E.A.S.] does not listen when she is told to do things, that she has cursed at [Plaintiff], that she has an attitude with [Plaintiff] when she is asked to do homework, and that she has a very hard time learning." Tr. 24. Plaintiff also testified that E.A.S. "throws temper tantrums when she is told for example to pick up her toys." *Id.*

It is not clear that E.A.S.'s mother's testimony deserves the same legal review as a claimant's direct testimony. In any event, the ALJ evaluated evidence for each of the six functional domains and identified multiple examples supporting the ALJ's determination that Plaintiff's statements were inconsistent with objective medical evidence. *See* Tr. 24; 31-38. For example, the ALJ found that E.A.S. has "improved in the areas of handling frustration appropriately" and "rated average in the area of disrupting class and assignment completion," and also relied on reports describing E.A.S. as having "a pleasant demeanor," "growing and developing appropriately for her age," "working hard in class." Tr. 26-28 (citing Tr. 218-227, 260-264, 265-270, 361-362, 372-374). The ALJ also observed that E.A.S. was not eligible for special education. Tr. 28 (citing 274-291).

The inconsistencies between Plaintiff's statements about the severity of E.A.S.'s ADHD and the objective evidence unquestionably provides permissible reasons for discounting Plaintiff's credibility. *See Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination . . . [t]he ALJ may consider . . . testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which the claimant complains.") (internal citations and modifications omitted).

The Court concludes that the ALJ's credibility determination concerning E.A.S.'s mother was not erroneous.

**D. Adequacy of Transcript**

Plaintiff contends E.A.S. was deprived of a full and fair hearing due to difficulties communicating during the hearing with expert, Perry Grossman, M.D., and because the transcript could not be fully transcribed. *See* ECF Nos. 23 at 16; 28 at 10.

When a Social Security hearing transcript is inaudible, good cause exists to remand and start anew pursuant to sentence six of 42 U.S.C. § 405(g). In drafting § 405(g), Congress considered exactly this situation. H.R.Rep. No. 96–144, at 59 (1980):

> Where for example, the tape recording of the claimant's oral hearing is lost or *inaudible, or cannot be otherwise transcribed*, or where the

> claimant's files cannot be located or are incomplete, good cause
> would exist to remand the claim to the Secretary for appropriate
> action.

H.R.Rep. No. 96–944, at 59 (1980) (emphasis added).

Here however, Plaintiff's argument that her counsel had difficulty communicating with Dr. Grossman is not grounds for a new hearing. Plaintiff's counsel completed cross-examination of Dr. Grossman without any indication of unresolved questions regarding the substance of his testimony. ECF No. 27 at 17 (citing Tr. 81). Moreover, having reviewed the transcript, the Court finds that remand is not warranted under these circumstances. When there was a difficulty in hearing or understanding, the testimony was repeated into the record. The portions of inaudible testimony are minimal and "the gaps do not interfere with comprehension of the testimony to an extent that would hinder fair review." *Varney v. Sec'y of Health & Human Servs.*, 846 F.2d 581, 583 (9th Cir. 1990) (overruled by statute on other grounds) (international quotation marks, alteration, and citation omitted).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 27) is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to file this Order, enter Judgment for Plaintiff, provide copies to counsel, and **CLOSE** this file.

**DATED** March 17, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19